IN THE MATTER OF KEVIN H. MAIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 041121988).

September 26, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–028, concluding on the record certified to the Board pursuant to *Rule* 1:20-4(f) (default by respondent), that **KEVIN H. MAIN of PRINCETON,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since June 11, 2011, should be suspended from practice for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep client reasonably informed), *RPC* 1.16(d) (failure to protect client's interests on termination of representation), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having concluded that the three-month term of suspension should be served consecutive to the three-month term of suspension ordered by the Court on May 11, 2011;

And the Disciplinary Review Board having further concluded that respondent should comply with the conditions ordered by the Court on May 11, 2011, in respect of fitness to practice and practicing under supervision, and that all pending ethics matters against respondent should be concluded before respondent applies for reinstatement;

And good cause appearing;

It is ORDERED that **KEVIN H. MAIN** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective September 12, 2011; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a

mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent shall continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.